**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on August 11, 2021**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-270 (JEB)** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **REY RIVERA RUIZ,** | : | **VIOLATIONS:** |
| also known as "Gordo," | : | **21 U.S.C. § 846** |
| **JANN JOUSTEN APONTE RIVERA,** | : | **(Conspiracy to Distribute and Possess** |
| also known as "Jann," and "Menor," and | : | **with Intent to Distribute 5 Kilograms or** |
| **MICHAEL GABRIEL HERNANDEZ** | : | **More of Cocaine)** |
| **RIVERA,** | : | **21 U.S.C. § 848(a) and (b)** |
| also known as "Mikey," | : | **(Continuing Criminal Enterprise)** |
| | : | **21 U.S.C. § 848(a) and (e)(1)(A)** |
| **Defendants.** | : | **(Continuing Criminal Enterprise)** |
| | : | **18 U.S.C. § 924(c)(1)(A)(iii) and § 924(j)(1)** |
| | : | **(Causing Death Through the Use of a** |
| | : | **Firearm During and in Relation to a Drug** |
| | : | **Trafficking Offense)** |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **21 U.S.C. §§ 853(a), (p)** |

**I N D I C T M E N T**

The Grand Jury charges that:

<u>**COUNT ONE**</u>

From on or about October 2019, to April 1, 2021, within the District of Columbia, the District of Maryland, and the District Puerto Rico, and elsewhere, **REY RIVERA RUIZ, also known as "Gordo," JANN JOUSTEN APONTE RIVERA, also known as "Jann" and "Menor," and MICHAEL GABRIEL HERNANDEZ RIVERA, also known as "Mikey,"** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of

cocaine, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 5 kilograms or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**(Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

From on or about October 2019, until April 1, 2021, within the District of Columbia, the District of Maryland, and the District of Puerto Rico, and elsewhere, **REY RIVERA RUIZ, also known as "Gordo,"** did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that he and others, known and unknown to the Grand Jury, unlawfully, knowingly and intentionally violated Title 21, United States Code, Sections 841(a)(1), 846, and 848(c), which violations include, but are not limited to, the substantive violations alleged in Count One (Drug Trafficking Conspiracy), which Count is realleged and incorporated herein by reference as though fully set forth in this Count, and which violation was part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Sections 801, et. seq., undertaken by defendant, **REY RIVERA RUIZ, also known as "Gordo,"** in concert with least five other persons with respect to whom defendant **REY RIVERA RUIZ, also known as "Gordo,"** occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendants obtained substantial income and resources.

**(Continuing Criminal Enterprise**, in violation of Title 21, United States Code, Sections 848(a) and (c))

## COUNT THREE

On or about October 14, 2020, within the District of Puerto Rico, while working in furtherance of the continuing criminal enterprise described in Count Two, **JANN JOUSTEN APONTE RIVERA, also known as "Jann" and "Menor," and MICHAEL GABRIEL**

**HERNANDEZ RIVERA, also known as "Mikey,"** aiding and abetting each other, while engaged in the drug trafficking conspiracy described in Count One, did unlawfully, knowingly, and intentionally cause the killing of an individual, Shantay Butler, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 848(e)(1)(A).

> **(Continuing Criminal Enterprise**, in violation of Title 21, United States Code, Sections 848(a) and (e)(1)(A))

## COUNT FOUR

On or about October 14, 2020, within the District of Columbia, and the District of Puerto Rico, **JANN JOUSTEN APONTE RIVERA, also known as "Jann" and "Menor," and MICHAEL GABRIEL HERNANDEZ RIVERA, also known as "Mikey,"** aiding and abetting each other, did unlawfully and knowingly use, carry, and discharge, one or more firearms during and in relation to, and possess and discharge one or more firearms in furtherance of, a drug trafficking offense, for which they may be prosecuted in a court of the United States, that is Counts One and Two of this Indictment which is incorporated herein, and in the course of those crimes did cause the death of a person, Shantay Butler, through the use of one or more firearms, which killing is defined as murder as defined in Title 18, United States Code, Section 1111(a), all in violation of Title 18, United States Code, Sections 924(c)(1)(a)(iii), 924(j)(1), and 2.

> **(Causing Death Through the Use of a Firearm During and in Relation to a Drug Trafficking Offense and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 924(j)(1) and 2)

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One and Two of this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. The United States will also seek a forfeiture money

judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves/CCW*

Attorney of the United States in
and for the District of Columbia.